### MUSE v. SHARP et al. *
### No. 1377.

Court of Appeal of Louisiana.
First Circuit.
June 11, 1934.

---

Ellis & Ellis, of Amite, for appellant.

Reid & Reid, of Hammond, W. W. Comish, of Ponchatoula, and J. M. Blache, Jr., of Hammond, for appellees.

MOUTON, Judge.

This suit was for an injunction to prohibit Joe. Leche and I. W. Sharp from selling a skidder and tractor; also to command them to deliver to plaintiff this skidder and tractor and for judgment against these defendants for $328.80 in damages.

By consent of counsel, the advertisement for the sale of the property was withdrawn, leaving at issue only the exceptions filed by defendants and the merits.

No mention is made of the exceptions by counsel for defendants in their brief, which must therefore be considered as abandoned.

Merits.

Suit was filed in the court of Justice of the Peace William B. Hodges, Livingston parish, by Joe. Leche for $16.92. The sheriff of that parish acting under the authority of the justice's court, provisionally seized one skidder as the property of W. P. Muse, plaintiff in this suit.

I. W. Sharp was appointed keeper of the skidder.

While Sharp was keeper of the skidder, under the seizure, he sold it to Tom Hughes, also a tractor, not under seizure, belonging to plaintiff, Muse, for the sum of $35.

I. W. Sharp filed an answer to plaintiff's demand and in which, among other defenses, he denies the ownership of the plaintiff in the skidder.

It is clearly shown that plaintiff was the owner of the skidder and also of the tractor, which Sharp sold to Hughes, with the skidder, of which Sharp had been appointed keeper, but not of the tractor.

Hughes, to whom the skidder and tractor were sold by Sharp, testified in the case, and said he had received $35 returned by Sharp for the skidder and tractor, and had returned the skidder, but that the tractor was still in his possession, and he would hold it until Sharp paid $5 he owed him for carrying the skidder to Sharp.

It is clear that plaintiff has established his title to the skidder and tractor.

In his prayer, plaintiff in asking for the delivery of the skidder and tractor, but does not include a claim for the ownership. In the body of his petition, however, he asserts his ownership thereto; and, in his answer, Sharp denies the title of plaintiff to the skidder.

The prayer of the petition must be construed in connection with the averments made in the body of the petition. Lochte Co. v. Lefebvre, 124 La. 244, 50 So. 26.

As evidence was admitted without objection showing plaintiff's title in both the skidder and tractor under the prayer for general relief, he is entitled to judgment for the ownership thereof. As the skidder was returned to Sharp by Hughes, it was restored to Sharp's possession as keeper, under the provisional seizure of the justice's court.

Such being the situation in reference to the skidder, this court cannot order its delivery to plaintiff, as prayed for, and must re-

strict its judgment to a decree of ownership in favor of plaintiff for the skidder.

It is, however, different as to the tractor, as it was not in the possession of Sharp as keeper when, without any authority whatsoever, Sharp sold it to Hughes.

Judgment will be entered in favor of plaintiff for the ownership and delivery to plaintiff by Sharp of the tractor.

It is pointed out by counsel for plaintiff that, though notice of the provisional seizure was given plaintiff in the proceedings in the justice's court, no citation was served on him in those proceedings.

■ The sum of $16.92 is claimed therein, an amount which is below the minimum jurisdictional limit of this court; hence, any issue affecting the regularity of the proceedings in the provisional seizure, above referred to, is not reviewable by this court. We cannot therefore order the delivery of the skidder while in the possession of Sharp, keeper thereof, under the seizure.

■ The skidder and tractor were left unprotected in the swamps for quite a period of time and in which plaintiff seemed to have taken little, if any, interest, until they were sold by Sharp to Hughes. The skidder and tractor were not damaged after the sale by Sharp.

As no damage resulted to this machinery, plaintiff suffered no loss by the sale and is entitled to no compensation on this score.

■ The sale by Sharp was an invasion of plaintiff's legal rights, and this could authorize recovery for only nominal damages usually granted to support a judgment for cost.

■ Plaintiff, it is true, is claiming compensation for the use of the skidder and tractor while in the possession of Hughes, Sharp's vendee.

Before the sale, plaintiff had shown no interest for the use of the machinery, which had been practically abandoned in the swamps, and it seems that this claim for its use arose only after the machinery had been disposed of by Sharp. This claim smacks of speculation; and, besides, the value for the deprivation of this use is not established with legal certainty.

The sale of the property by Sharp, particularly of this tractor, still in the hands of Hughes at the time of the trial, entitles plaintiff to judgment for the ownership of the skidder and of the tractor and for delivery of the tractor, as hereinabove explained.

This decree will carry judgment for cost in favor of plaintiff and will dispense with the necessity of entering a decree for nominal damages for the violation of plaintiff's legal rights.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is further adjudged and decreed that plaintiff have judgment against I. W. Sharp, defendant, for the ownership of the skidder under provisional seizure, and against said defendant for the ownership of the tractor and delivery thereof to plaintiff; that defendant, I. W. Sharp pay all the costs of this suit.